JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Brandon Corbett, by and through his Power of Attorney, Louise Corbett

**(b)** County of Residence of First Listed Plaintiff  **PIKE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Charles S. Cooper, Esquire / Cooper Schall & Levy
2000 Market Street, Suite 1400, Philadelphia, PA 19103
T: (215)561-3313

## DEFENDANTS
County of Monroe, et al.

County of Residence of First Listed Defendant  Monroe
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983, 28 U.S.C.A. § 1343 and 28 U.S.C.A. § 1331
Brief description of cause:
Violation of Plaintiff's Civil Rights and to recover damages for life threatening injuries.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 08/26/2020
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRANDON CORBETT, by and through his POA, LOUISE CORBETT**<br>1521 Oak Lane<br>Bushkill, PA 18324<br>     **Plaintiff**<br><br>  v.<br><br>**COUNTY OF MONROE**<br>610 Monroe Street, Suite 126<br>Stroudsburg, PA 18360,<br><br>**MONROE COUNTY CORRECTIONAL FACILITY**<br>4250 Manor Drive<br>Stroudsburg, PA 18360,<br><br>**MONROE COUNTY CORRECTIONAL FACILITY BOARD OF PRISON INSPECTORS**<br>4250 Manor Drive<br>Stroudsburg PA 18360,<br><br>**JOHN/JANE DOE 1-9 (fictitious names for Monroe County Prison Board Members**<br>4250 Manor Drive<br>Stroudsburg PA 18360,<br><br>**WARDEN GARY HAIDLE**<br>4250 Manor Drive<br>Stroudsburg PA 18360,<br><br>**PENNSYLVANIA DEPARTMENT OF CORRECTIONS**<br>1920 Technology Parkway<br>Mechanicsburg, PA 17050,<br><br>**JOHN/JANE DOE 1-9 (fictitious names for police officers, guards, and/or other Monroe County personnel that are responsible for processing, detaining** | CIVIL ACTION<br><br>NO. |

| | |
|---|---|
| and/or releasing persons/ prisoners from custody<br>4250 Manor Drive<br>Stroudsburg PA 18360,<br><br>**COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF TRANSPORTATION**<br>1586 North 9th Street<br>Stroudsburg, PA 18360,<br><br>**TOWNSHIP OF HAMILTON**<br>Hamilton Township Municipal Building<br>229 Fenner Avenue<br>Sciota, PA 18354,<br><br>**JOHNATHAN R. WOLF**<br>218 East Fifth Street<br>Mifflinville, PA 18631,<br><br>AND<br><br>**JOHN/JANE DOE 1-9**<br>(fictitious names for the owners, possessors, managers, controllers, operators, maintainers and road contractors of the subject roadway, real and personal)<br>**Defendants** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>**CIVIL ACTION COMPLAINT** |

## I. PARTIES

1. Plaintiff, Brandon Corbett, by and through his Power of Attorney, Louise Corbett, is an adult individual currently residing at 1521 Oak Lane, Bushkill, PA 18324 and is a citizen of the Commonwealth of Pennsylvania.

2. Defendant, County of Monroe, is a municipal entity operating under the laws of the Commonwealth of Pennsylvania which maintains its principal offices at 610 Monroe Street, Suite 126, Stroudsburg, PA 18360.

3.      Defendant, Monroe County Correctional Facility (hereinafter referred to as "MCCF"), is a governmental and/or corporate entity, which continuously and systematically maintains the prison system in the County of Monroe with its principal place of business at 4250 Manor Drive, Stroudsburg, PA 18360.

4.      Defendant, Monroe County Correctional Facility Board of Prison Inspectors (hereinafter referred to as "MCCF" Board of Prison Inspectors), is a governmental and/or corporate entity, which continuously and systematically maintains the prison system in the County of Monroe with its principal place of business at 4250 Manor Drive, Stroudsburg, PA 18360.

5.      Defendant, John/Jane Doe 1-9, (fictitious names for members of the Monroe County Board of Prison Inspectors), are unidentified adult individuals who continuously and systematically maintained and/or are responsible for the operations of the Monroe County Correctional Facility with their principal place of business located at 4250 Manor Drive, Stroudsburg, PA 18360.

6.      Defendant, Warden Gary Haidle, is an adult individual who continuously and systematically maintained and/or was responsible for the operations of the Monroe County Correctional Facility with his principal place of business located at 4250 Manor Drive, Stroudsburg, PA 18360.

7.      Defendant, Pennsylvania Department of Corrections, is a governmental and/or corporate entity, which continuously and systematically maintains the prison system in the County of Monroe and the Commonwealth of Pennsylvania, with its principal place of business at 1920 Technology Parkway, Mechanicsburg, PA 17050.

8.      Defendant, John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), are unidentified adult individuals who are continuously and

systematically responsible for processing, detaining and/or releasing persons/prisoners from police/prison custody, with their principal place of business located at 4250 Manor Drive, Stroudsburg, PA 18360.

9. Defendant, Commonwealth of Pennsylvania Department of Transportation, is a governmental agency with its principal offices located at the Transportation and Safety Building, Harrisburg, Dauphin County, Pennsylvania and local offices located at 1586 North 9th Street, Stroudsburg, PA 18360.

10. Defendant, Township of Hamilton, is a municipal entity, operating under the laws of the Commonwealth of Pennsylvania and the County of Monroe, which maintains its principal offices at Hamilton Township Municipal Building, 229 Fenner Avenue, Sciota, PA 18354.

11. Defendant, Johnathan R. Wolf, is an adult individual currently residing at 218 East Fifth Street, Mifflinville, PA 18631 and is a citizen of the Commonwealth of Pennsylvania.

12. Defendant, John/Jane Doe 1-9, are unidentified adult individuals, owners, possessors, managers, controllers, operators, maintainers and road contractors of Route 209 in Stroudsburg, PA.

## II. JURISDICTION AND VENUE

13. This Court has jurisdiction under sections 42 U.S.C. § 1983, 28 U.S.C.A. § 1343 and 28 U.S.C.A. § 1331 for violation of Plaintiff's Civil Rights and to recover damages for life threatening injuries.

14. Venue is proper in the United States District Court for the Middle District of Pennsylvania, under 28 U.S.C. Section 1391, as Monroe County is the county where the accident occurred and/or where the parties reside and/or do business.

## III.   FACTS

15. At all times material hereto, Defendants acted by and through their agents (actual, apparent or ostensible), servants, workmen, employees and/or officers, all of whom were then and there acting within the course and scope of their duties, agency, employment or authority for Defendants.

16. On or about the afternoon or evening of August 26, 2018, Plaintiff, Brandon Corbett, was arrested by Officer Daniel G. Knowels of the Stroud Area Regional Police Department of Monroe County for public drunkenness.

17. Shortly after his arrest, Plaintiff, Brandon Corbett, was transported to the Monroe County Correctional Facility, located at 4250 Manor Drive, Stroudsburg, PA 18360, where he was held until his release later that night.

18. On August 26, 2018 before 10:00 p.m., Plaintiff, Brandon Corbett, was discharged from MCCF and was instructed by Defendants and/or Defendants' agents to leave the facility.

19. At no time prior to his release from custody, did Defendant, MCCF, arrange for the safe transport of Plaintiff to his home, even in his impaired condition.

20. At the time of his release from MCCF, Plaintiff was in an impaired state and required the assistance of Defendants to safely travel home.

21. At the time of his release from MCCF, Plaintiff was refused assistance by Defendants, who did not allow Plaintiff back into the facility, did not allow Plaintiff to make phone calls, did not provide Plaintiff with money for cab or bus-fare, and otherwise left Plaintiff stranded on a highway in the dark of night.

22. At all times material hereto, Plaintiff, Brandon Corbett, did not have any means of contacting anyone (i.e. cell phone) and/or money for car/bus fare so that he could get home safely.

23. At all times material hereto, Plaintiff was in a delirious and/or impaired physical and/or mental condition and was not fit to walk an unreasonably long distance on the highway in the dark of night.

24. At all times material hereto, Plaintiff was in the custody and control of Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel).

25. On August 26, 2018 after 10:00 p.m., Plaintiff, Brandon Corbett, after being released by Defendants and with no other alternative, proceeded to walk from MCCF, in the direction of Route 209, near Stroudsburg, PA.

26. On August 26, 2018 after 10:00 p.m., Plaintiff, Brandon Corbett, was walking along Route 209, at or near Route 33.

27. At all times material hereto, Route 209, was not illuminated by streetlights or any other source of artificial light, and does not possess any sidewalks or other safe designated areas for pedestrians, such as Plaintiff, to walk to their destination.

28. On August 26, 2018, Defendant, Johnathan R. Wolf, was the owner and operator of a motor vehicle traveling North on Route 209 in Stroudsburg, PA at approximately 55 M.P.H.

29. On August 26, 2018, at approximately 10:50 p.m., Plaintiff, Brandon Corbett, was walking North on Route 209 when he tried to get the vehicle's attention for help, and was struck by the vehicle owned and operated by the Defendant, Johnathan R Wolf, causing Plaintiff to be thrown through the air from his position on the highway sustaining serious and life altering injuries.

Case 3:20-cv-01530-CCC   Document 1   Filed 08/26/20   Page 8 of 20

30. At all times material hereto, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), were on notice of its inadequate and dangerous policies with regard to the release of prisoners and/or detainees without arranging safe and appropriate transportation from the correctional facility.

31. At all times material hereto, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), could have, but failed to, call an Uber, Lyft and/or cab for Plaintiff, or otherwise provide safe transportation, in order to ensure his safety after leaving MCCF.

32. At all times material hereto, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guard sand/or other Monroe County personnel), were on notice that as a result of their adopted policies and/or procedures, recently released prisoners and/or detainees were forced to walk in dangerous conditions on an approximately eight (8) mile stretch of highway before reaching town.

33. At all times material hereto, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), failed to address the

documented problem of releasing prisoners and/or detainees without providing them means of transportation to avoid being dangerously stranded on the highway outside MCCF.

34. At all times material hereto, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), adopted and executed a policy and/or practice of forcing released prisoners and/or detainees to leave the MCCF facility upon release with no transportation, phone call or money for cab/bus fare, thereby forcing them to walk dangerously along a highway, often times at night, while threatening to arrest them for loitering and/or trespassing if they refused to do so.

35. This accident was caused solely from the negligence, carelessness, and/or recklessness of Defendants and was in no manner whatsoever due to any act of negligence on the part of Plaintiff.

**COUNT I – CIVIL RIGHTS – 42 U.S.C. § 1983**
**CORBETT v. COUNTY OF MONROE, MONROE COUNTY CORRECTIONAL FACILITY, MONROE COUNTY CORRECTIONAL FACILITY BOARD OF PRISON INSPECTORS, JOHN/JANE DOE 1-9 (fictitious names for members of the Board of Prison Inspectors)), WARDEN, GARY HAIDLE, PENNSYLVANIA DEPARTMENT OF CORRECTIONS AND John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel),, and/or other Monroe County personnel**

36. Plaintiff, Brandon Corbett, by and through his Power of Attorney, Louise Corbett, hereby incorporates Paragraphs 1-35 as if same were set forth at length herein.

37. Jurisdiction of this Court arises under 42 U.S.C. Section 1983.

38. At all times relevant hereto, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious

names for police officers, guards and/or other Monroe County personnel), and/or other Monroe County personnel), unconstitutionally released Plaintiff, Brandon Corbett, from custody forcing him to find his way home on foot, even though it was late at night, he was medically impaired and his only route of travel was Route 209, which was dark and dangerous at that hour.

39. At all times relevant hereto, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), knowingly forced Plaintiff, Brandon Corbett, to walk an unreasonable distance on the shoulder of an unlit and dangerous roadway, which put Plaintiff at great risk of danger.

40. At all times relevant hereto, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), acted with reckless disregard and deliberate indifference to the rights of Plaintiff and persons such as Plaintiff.

41. At all times relevant hereto, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), failed to initiate policies and procedures regarding the health and safety of Plaintiff and persons such as Plaintiff.

42. At all times relevant hereto, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious

names for police officers, guards and/or other Monroe County personnel), failed to initiate policies and procedures to properly train employees, officers, guards, and/or prison personnel to act and to protect the welfare, health and safety of Plaintiff.

43. At all times relevant hereto, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), adopted a custom and practice of failing to train their agents and/or employees to act to protect the welfare, health and safety of Plaintiff.

44. At all times relevant hereto, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), adopted a custom and practice of relying on inadequately trained employees to act to protect the welfare, health and safety of Plaintiff.

45. At all times relevant hereto, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), adopted a custom and practice of forcing released prisoners and/or detainees, such as Plaintiff, to attempt walking along Route 209, a dangerous, poorly lit road with no sidewalk or similar area for pedestrian foot traffic, regardless of the time of day or weather conditions, and refusing to provide alternate means of transportation for releasees who relied on same for their own safety.

46. At all times relevant hereto, including prior to August 26, 2018, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), had documented knowledge of reported concerns and/or complaints directly addressing the adopted custom and practice of unsafe release of prisoners and/or detainees, such as Plaintiff, as described herein.

47. Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), policy of inaction, as well as Defendants' customs and practices as set forth herein above and to be adduced upon completion of discovery, resulted in a state created danger that directly led to the deprivation of Plaintiff, Brandon Corbett's right to due process under the Fourteenth Amendment of the United States Constitution.

48. At all times relevant hereto, the injuries and damages sustained by Plaintiff, Brandon Corbett, were a direct result of the acts and/or omissions of the Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel).

49. At all times relevant hereto, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious

names for police officers, guards and/or other Monroe County personnel), actions and/or omissions as described herein were performed with a willful and reckless disregard, or a deliberate indifference, to the safety of the Plaintiff so as to deprive Plaintiff of his Fourteenth Amendment right to due process.

50. At all times relevant hereto, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), actions and/or omissions as described herein, evidence a willingness to ignore a foreseeable danger or risk to Plaintiff.

51. Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), polices of inaction and their adoption of certain customs and practices all of which are identified hereinabove and below resulted in a violation of Plaintiff's right to due process under the United States Constitution.

52. At all times relevant hereto, Plaintiff undoubtedly had a clearly established constitutional right of which Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), were clearly aware and which was a liberty interest in his own physical safety.

53. At all times relevant hereto, Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison

Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guard sand/or other Monroe County personnel), either jointly or severally, acting themselves or through their agents, violated Plaintiff, Brandon Corbett's substantive due process right to bodily integrity, safety, and welfare as secured by the Fourteenth Amendment of the United States Constitution and all related Civil Rights in this regard.

**WHEREFORE**, Plaintiff, Brandon Corbett, by and through his Power of Attorney, Louis Corbett, demands judgment against Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), jointly and/or severally, in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest and costs of suit.

## COUNT II – NEGLIGENCE AND EXCEPTIONS TO SOVEREIGN IMMUNITY
## 42 Pa.C.S. § 8522 (b)(4)
## CORBETT v. COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, TOWNSHIP OF HAMILTON AND JOHN/JANE DOE 1-9
## (fictitious names for the owners, possessors, managers, controllers, operators, maintainers and road contractors of Route 209 in Stroudsburg, PA)

54. Plaintiff, Brandon Corbett, by and through his Power of Attorney, Louise Corbett, hereby incorporates Paragraphs 1-53 as if same were set forth at length herein.

55. The aforesaid accident was in part caused by the negligence, carelessness and/or recklessness of Defendants, Commonwealth of Pennsylvania Department of Transportation, Township of Hamilton, John/Jane Doe 1-9 (fictitious names for the owners, possessors, managers, controllers, operators, maintainers and road contractors of Route 209 in Stroudsburg, PA), jointly and/or severally, acting as aforesaid, which negligence, carelessness and/or recklessness consisted,

inter alia, of the following:

(a) creating a hazardous and/or dangerous condition on Route 209 by failing to install adequate lighting to illuminate the area of the accident;

(b) failing to warn that Route 209 was not properly illuminated at the area of the accident with signage, barriers and/or the use of flood lights;

(c) failing to install a reflective strip or painted lines in the travel lanes that would guide drivers;

(d) failing to take necessary safety precautions to illuminate the roadway such that the driving area was not visible;

(e) failing to install temporary flood lights which were needed to illuminate the area of the accident;

(f) failing to place a barrier, sign, guardsdrail and/or warning devices in the form of signage and/or roadway markings on the shoulder of Route 209 to alert drivers and pedestrians of the existence of the unlit roadway;

(g) failing to install a sign warning vehicles to keep yield to pedestrians;

(h) allowing a dark roadway which was at all times hazardous and dangerous to exist once created;

(i) failing to install sidewalks with barriers for pedestrian travel;

(j) failing to inspect and failing to establish a policy of inspection for Route 209;

(k) failing to undertake or complete a study with a proper consultant to determine how to improve the illumination of Route 209 at the area of the accident;

(l) failing to respond to complaints regarding the dark nature of Route 209 at the area of the accident in question or at other areas such that a full inspection should have been warranted;

(m) failing to maintain Route 209 in a safe manner such that accidents involving cars and pedestrians would be reduced;

(n) failing to hire a consultant to ensure Route 209 was not dangerous and a hazard to persons such as the Plaintiff because of darkness, absence of lighting and no sidewalk for pedestrian traffic;

(o) failing to hire and/or consult a streets expert to manage, inspect, repair, design and maintain the Route 209 in a safe condition for motorists and pedestrians;

(p) failing to hire and/or consult a lighting safety expert to ensure Route 209 was properly illuminated;

(q) failure to illuminate the aforesaid roadway despite notice and knowledge that same has constituted a threat of harm to motorists and pedestrians for a foreseeable time prior to the date of this accident;

(r) acting in a manner that was negligent in failing to inspect, maintain, design, manage, repair and/or construct Route 209;

(s) violating applicable ordinances and property maintenance codes of Monroe County;

(t) failing to take the aforementioned actions despite having actual knowledge that prisoners and/or detainees were being released from MCCF with no

      means of transportation and thereby were routinely forced to walk along this dangerous, dark stretch of highway on Route 209 *and*

(u) such other acts of negligence as may be adduced through discovery or at trial.

56. As the direct and proximate result of Defendants' joint and/or several acts or omissions, Plaintiff sustained severe and multiple injuries, both internal and external, to and about his body, and extremities with injury to his bones, joints, nerves and nervous system, including, but not limited to: trauma patient in a coma med-evac to trauma hospital, traumatic brain injury, subarachnoid and right ventricular hemorrhage, subdural hemorrhage, multiple maxillofacial fractures, right occipital bone fracture, fractured orbital wall, cranial fractures, fracture of the anterior wall of left external auditory canal, insertion of feeding tube, bilateral sacral alar fractures, fractured right femur, acute kidney injury, extensive surgical and rehabilitative treatment, short term memory loss, adjustment disorder, cognitive communication deficit, tonic pupil, severe CNS trauma, compromised vision, extensive headaches, permanent scarring and disfigurement, along with embarrassment and humiliation.

57. As a further result of the negligence of Defendants, Plaintiff has undergone great physical pain and suffering, mental distress and anguish and he will continue to endure same in the future, to his great detriment and loss.

58. As a further result of the negligence of Defendants, Plaintiff has suffered a loss and depreciation of his earnings and earning power and will continue to suffer such loss and depreciation in the future, to his great detriment and loss.

59. As a further result of the negligence of Defendants, Plaintiff has been unable to attend to his usual and daily duties and occupation, and he will be unable to attend to same in the future, to his great detriment and loss.

60. As a further result of the negligence of Defendants, Plaintiff has been compelled to

expend large sums of money for medicine and medical attention in and about an effort to affect a cure for his aforesaid injuries, and he will be obligated to continue to expend large sums of money for the same purpose in the future for pain relieving medications and treatments and surgical interventions.

61. Defendants actions of extreme indifference and reckless disregard of the dangerous conditions which they created, causing severe and significant injury to Plaintiff, demonstrated Defendants ongoing disregard for the rights of persons such as Plaintiff and were outrageous so as to be shocking to the conscience of any court and as such, Plaintiff requests an award of punitive and/or exemplary damages against the Defendants at time of trial.

**WHEREFORE**, Plaintiff, Brandon Corbett, by and through his Power of Attorney, Louis Corbett, demands judgment against Defendants, Commonwealth of Pennsylvania Department of Transportation and Township of Hamilton and John/Jane Doe 1-9 (fictitious names for the owners, possessors, managers, controllers, operators, maintainers and road contractors of Route 209 in Stroudsburg, PA), jointly and/or severally, in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest and costs of suit.

### COUNT III – NEGLIGENCE
### CORBETT v. WOLF

62. Plaintiff, Brandon Corbett, by and through his Power of Attorney, Louise Corbett, hereby incorporates Paragraphs 1-61 as if same were set forth at length herein.

63. The aforesaid accident was in part caused by the negligence, carelessness and/or recklessness of Defendant, Johnathan R. Wolf, acting as aforesaid, which negligence, carelessness and/or recklessness consisted, <u>inter alia</u>, of the following:

    (a)    negligently entrusting vehicle to person and/or persons who were unable and/or unfit to properly operate same;
    (b)    failure to properly operate said vehicle;

(c) failure to be attentive;
(d) failure to apply his breaks sufficiently in time to avoid an accident;
(e) failure to properly calculate distance of vehicle with respect to pedestrians on the road;
(f) failure to drive at a reasonable speed;
(g) failure to remain in a single lane;
(h) failure to be aware of pedestrians, such as Plaintiff, on the roadway;
(i) failure to remain in control of his vehicle;
(j) failure to use all prudent and necessary care for vehicular travel under the circumstances;
(k) violating applicable sections of Title 75 and /or ordinances and codes for the Commonwealth of Pennsylvania and such other statutes and case law governing the operation of motor vehicles on the streets and highways; and
(l) such other acts of negligence, carelessness, and/or recklessness as may be adduced through discovery or at trial.

64. As the direct and proximate result of Defendant's negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about his body, and extremities with injury to his bones, joints, nerves and nervous system, including, but not limited to: trauma patient in a coma med-evac to trauma hospital, traumatic brain injury, subarachnoid and right ventricular hemorrhage, subdural hemorrhage, multiple maxillofacial fractures, right occipital bone fracture, fractured orbital wall, cranial fractures, fracture of the anterior wall of left external auditory canal, insertion of feeding tube, bilateral sacral alar fractures, fractured right femur, acute kidney injury, extensive surgical and rehabilitative treatment, short term memory loss, adjustment disorder, cognitive communication deficit, tonic pupil, severe CNS trauma, compromised vision, extensive headaches, permanent scarring and disfigurement, along with embarrassment and humiliation.

65. As a further result of the negligence of Defendant, Plaintiff has undergone great physical pain and suffering, mental distress and anguish and he will continue to endure same in the future, to his great detriment and loss.

66. As a further result of the negligence of Defendant, Plaintiff has suffered a loss and

depreciation of his earnings and earning power and will continue to suffer such loss and depreciation in the future, to his great detriment and loss.

67. As a further result of the negligence of Defendant, Plaintiff has been unable to attend to his usual and daily duties and occupation, and he will be unable to attend to same in the future, to his great detriment and loss.

68. As a further result of the negligence of Defendant, Plaintiff has been compelled to expend large sums of money for medicine and medical attention in and about an effort to affect a cure for his aforesaid injuries, and he will be obligated to continue to expend large sums of money for the same purpose in the future for pain relieving medications and treatments and surgical interventions.

**WHEREFORE**, Plaintiff, Brandon Corbett, by and through his Power of Attorney, Louis Corbett, demands judgment against Defendant, Johnathan R. Wolf, jointly and/or severally, in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest and costs of suit.

### COUNT IV – PUNITIVE DAMAGES
### CORBETT v. ALL DEFENDANTS

69. Plaintiff, Brandon Corbett, by and through his Power of Attorney, Louise Corbett, hereby incorporates Paragraphs 1-68 as if same were set forth at length herein.

70. The aforesaid acts of Defendants represent willful, wanton, and grossly reckless conduct that caused serious and severe injuries to Plaintiff.

71. Defendants' aforesaid conduct establishes all elements of punitive damages thereby warranting an award to Plaintiff of same to punish Defendants for their willful, wanton, and grossly reckless acts.

**WHEREFORE**, Plaintiff, Brandon Corbett, by and through his Power of Attorney, Louis Corbett, demands judgment against Defendants, County of Monroe, MCCF, MCCF Board of Prison Inspectors, John/Jane Doe 1-9 (fictitious names for members of the Board of Prison Inspectors), Warden Gary Haidle, PA Department of Corrections and John/Jane Doe 1-9 (fictitious names for police officers, guards and/or other Monroe County personnel), Commonwealth of Pennsylvania Department of Transportation and Township of Hamilton, Johnathan R. Wolf, and John/Jane Doe 1-9 (fictitious names for the owners, possessors, managers, controllers, operators, maintainers and road contractors of Route 209 in Stroudsburg, PA), jointly and/or severally, in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest and costs of suit.

COOPER SCHALL & LEVY

_____
CHARLES S. COOPER, ESQUIRE
Attorney for Plaintiff
2000 Market Street, Suite 1400
Philadelphia, PA 19103
T: (215)561-3313

Dated: August 26, 2020